# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 3:10cr00032-4 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| **MELISSA PUTNAM.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Melissa Putnam, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, I find that her claim is not cognizable in a § 2255 action and, therefore, I will dismiss this action.

In March 2011, I sentenced Putnam to 66 months incarceration. At the time I sentenced Putnam, she was under the primary jurisdiction of state authorities in Virginia, and in federal custody pursuant to a Writ. Following sentencing, Putnam was returned to state authorities in Virginia and the judgment I entered was filed as a detainer. In May 2011, the Circuit Court for the City of Charlottesville sentenced Putnam on state charges. In August 2011, the Circuit Court *nunc pro tunc* amended its judgment to reflect that Putnam's state sentence should run concurrent to her federal sentence that I imposed. In July 2012, having satisfied her state obligation, Putnam was released from state custody and transferred to federal custody to serve the sentence I imposed. In her instant motion, Putnam asks me to amend her criminal judgment to run her federal sentence concurrent to the after-imposed state sentence.

Except in limited circumstances, not present here, the court loses jurisdiction to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Putnam indicates that she seeks relief under § 2255. Section 2255 provides as follows:

> A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Inasmuch as Putnam does not allege any grounds for relief under § 2255, I find that her claim is not cognizable in a § 2255 action. Accordingly, I will dismiss Putnam's § 2255 motion.[1]

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 15th day of February, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that by letter dated January 23, 2013, I recommended to the Federal Bureau of Prisons that it retroactively designate the state institution for the service of Putnum's federal sentence. I also note that a prisoner wishing to challenge the execution of his/her sentence may do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which the prisoner is confined, after exhausting all available administrative remedies.